## Rockport Coal Company v. Carter, et al.

(Decided February 21, 1912.)

### Appeal from Ohio Circuit Court.

Appeals—Amount in Controversy—Jurisdiction.—Where plaintiff sues for $500.00 and defendant admits a liability of $400.00, and plaintiff recovers judgment for $500.00, the amount in controversy on

appeal by the defendant is only $100.00, which is not sufficient to confer jurisdiction, and the fact that the defendant is under a continuing liability, if its contention is not sustained, that may ultimately involve a much larger sum than is necessary to confer jurisdiction on this court, will not confer jurisdiction where the amount actually in controversy is only $100.00.

ELLIOTT & FREEMAN and W. H. BARNES for appellant.

GLENN & SIMMERMAN for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Dismissing appeal.

On December 28, 1908, appellees, J. T. Carter and S. E. Carter, his wife, leased to H. L. Tucker, three hundred acres of coal underlying a tract of land in Ohio County, Kentucky. The lease provided for a royalty of two (2) cents per ton. On the same day a separate contract was entered into between the same parties, by which it was agreed that should the lease be assigned to a third party, appellees should receive a royalty of two and one-half (2 1-2) cents per ton. The original lease was transferred by Tucker to Rockport Coal Company.

Appellees brought this action against appellant to recover a royalty of two and one-half cents per ton on 20,000 tons of coal mined. The petition charged that Tucker was the President and General Manager of the Rockport Coal Company, and that the latter took an assignment of the lease with full notice of the contract providing for a royalty of two and a half cents per ton, in case the lease was transferred to a third party. Appellant admitted a liability of $400, or two cents a ton on 20,000 tons, and tendered and offered to pay same to appellees or into court, together with the costs of the suit up to the time of the tender. This offer was refused. After appellant's demurrer to the petition was overruled, it filed an answer and counterclaim, wherein it denied the allegations of the petition, and pleaded affirmatively that the contract providing for a royalty of 2 1-2 cents per ton in case the lease was transferred to a third party, did not express the true intention of the parties to the contract, but was entered into by mutual mistake of the parties thereto. It also pleaded that the claim of appellees affected its title to the property. The pleading concludes with a prayer asking that the contract for 2 1-2 cents per ton be rescinded, and that appellant's title be quieted. To this answer and counterclaim, a de-

murrer was sustained, and appellant having declined to plead further, judgment was entered against it for $500. From that judgment this appeal is prosecuted.

Appellees have moved to dismiss the appeal. Appellant has not asked for a reformation of the supplemental contract. Nor is there a question of title involved. Appellant's liability for royalties is a money liability, pure and simple. Where defendant admits owing part of an amount sued for, the difference between the admitted liability and the amount sued for and recovered is the amount in controversy on appeal by him, and if this be less than two hundred dollars, exclusive of interest and costs, no appeal lies. (K. & P. Lumber Co. v. Sledge, 143 Ky., 137.) Here appellees sued for $500 and appellant admitted a liability of $400. Judgment was rendered for $500. Manifestly there is only the sum of $100 in controversy. The fact that appellant is under a continuing liability, if its contention be not sustained, that may ultimately involve a much larger sum than is necessary to confer jurisdiction on this court, will not confer jurisdiction where the amount actually in controversy is only $100. (Town of Beaver Dam v. Stevens, 118 S. W., 320.)

However, the judgment below will not be conclusive of appellant's right in an action brought for that purpose to have the supplemental contract providing for a royalty of two and a half cents per ton reformed on the ground of mutual mistake of the parties.

For the reasons given, the appeal is dismissed.